IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:12-829 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID RIGGIONE | ) | |
| | ) | |

## JUDGMENT AND ORDER OF FORFEITURE

This matter is before the court on the motion of the United States for a Judgment and Order of Forfeiture as to Defendant David Riggione ("Riggione", "Defendant"), based upon the following:

1. On October 23, 2012, a federal grand jury in this district returned a two count Indictment charging Riggione with the following:

   Counts 1 & 2:     False statements on bank loan applications, in violation
                               of 18 U.S.C. § 1014;

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Riggione's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

   A.     Cash/ Money Judgment :

   The sum of $1,160,000 in United States currency, and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the Defendant obtained, directly or indirectly, as a result of his violation of 18 U.S.C. § 1014 as charged in Counts 1 and 2;

3. On April 16, 2013, Riggione pled guilty to Count 1 of the Indictment.

4. Based upon Defendant's conviction, the court has determined that the

property described above is subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(2), and 28 U.S.C. § 2461(c).

5.  The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Riggione has been convicted; therefore, the United States is entitled to a judgment of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights, as required.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED**:

1.  The below-described property, and all right, title, and interest of the Defendant, David Riggione, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.  JUDGMENT IS ENTERED against Riggione and in favor of the United States in the amount of $536,428.64[1], along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full.  The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the money judgment.

3.  The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.  Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

---

[1] The loss amount was later determined to be $536,428.64 and not $1,160,000.

5.      The government is not required to publish notice regarding the personal money judgment against Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.      Upon entry, this Order becomes final as to Defendant, and shall be made a part of his sentence and included in the criminal judgment.

7.      The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.      The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                s/R. Bryan Harwell
                                R. BRYAN HARWELL
                                UNITED STATES DISTRICT JUDGE

Florence, South Carolina
June 18, 2013